UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>v.<br><br>JOSE ANTONIO CADENA ESTUPINAN (3),<br><br>                                 Defendant. | Case No.: 19CR379-WQH<br><br>**ORDER** |

HAYES, Judge:

      This matter before the Court is the motion to reduce sentence under the First Step Act filed by Defendant. (ECF No. 79).

      On October 30, 2019, this Court sentenced Defendant to the custody of the Bureau of Prisons for 72 months pursuant to his plea of guilty to possession of cocaine with intent to distribute on board a vessel in violation of 46 U.S.C. § 70503.  In the factual basis for the plea of guilty, Defendant admitted that he and others "knowingly and intentionally possessed approximately 710 kilograms of cocaine on board a go-fast vessel with the intent to distribute it to another person."  (ECF No. 46 at 3-4).

      On May 4, 2022, Defendant moved the Court to give him the benefit of the First Step Act by granting him good time credit "(15) day or (10) day by every one month." (ECF No. 79).  Plaintiff United States opposes the motion on the grounds that there has been no change in the law since Defendant was sentenced and that good time credit is calculated by the Bureau of Prisons.

Title 18 U.S.C. § 3582(c)(2) provides that the court may reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*)." 18 U.S.C. § 3582(c)(2). In this case, Defendant was sentenced on May 23, 2019, well after December 21, 2018 when the First Step Act went into effect. The Court calculated the applicable guidelines at the time of the sentencing and there has been no change in the law since the sentencing. Defendant is not entitled to relief under 18 U.S.C.§ 3582(c)(2).

The Bureau of Prisons is responsible to compute a prisoner's sentence, including any credits. *See United States v. Peters*, 470 F.3d 907, 908-09 (9th Cir. 2006) (per curiam) (holding district courts lack authority to give credit for time served, while noting that district courts do have authority to sentence a defendant to time served); *see also Dillon v. United State*s, 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances."). This Court has no authority to modify the sentence imposed.

IT IS HEREBY ORDERED that motion to reduce sentence under the First Step Act filed by Defendant (ECF No. 79) is denied.

Dated: July 12, 2022

Hon. William Q. Hayes
United States District Court